# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ADT SECURITY SERVICES, INC.,

        Plaintiff,

        Docket No. 05-2779

THE ALARM COMPANY, LLC and SUSAN BRADY,

        Defendants.

## DEFENDANTS' MEMORANDUM FOR MOTION FOR A PROTECTIVE ORDER

The Alarm Company, LLC and Susan Brady ("Defendants") file this memorandum in support of their motion for a protective order.

1. Plaintiff served Interrogatories and Request for Production of Documents on Defendants' counsel on January 6, 2006;

2. Defendants' have requested an additional thirty days to answer and respond to Plaintiff's discovery requests from opposing counsel without response;

3. Fed. Rules of Civil Procedure ("F.R.C.P.") Rule 26:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition, after being sealed, be opened only by order of the court;
(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

4. Defendants have complied with F.R.C.P. 26 by:

 a. Certifying that the Defendant has attempted to confer with the Plaintiff's counsel to resolve the dispute without court action by requesting an additional thirty days to respond to the discovery request;

 b. For good cause shown:

  i. Defendants' Motion to Dismiss, which will be filed, will alleviate and clarify many of the discovery objections; and

  ii. Plaintiffs discovery interrogatories and requests seek information that is overly broad, unduly burdensome, and not reasonable calculated to lead to the discovery of admissible evidence;

 c. Requesting from the Court that "(1) the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; [or] (4) certain matters not be inquired into, or

        that the scope of the disclosure or discovery be limited in certain matters." F.R.C.P. 26(c);

    d. There is no prejudice to the Plaintiffs for the Defendants to have an additional thirty days to respond.

Defendants request a Protective Order allowing an additional thirty days until March 8, 2006, to respond to Plaintiff's Interrogatories and Request for Production of Documents and/or limiting the Plaintiff's Interrogatories and Request for Production to those questions and inquiries that are permitted by Fed. Rules of Civ. Pro. 26.

        Respectfully submitted,

        /s/ Jeffrey D. Germany
        Jeffrey D. Germany  (#11823)
        Morton & Germany, PLLC
        45 N. 3rd Street, 2nd Floor
        Memphis, TN 38103
        (901) 522-0050
        File No. 05-356G

### **CERTIFICATE OF SERVICE**

I, Jeffrey D. Germany, hereby certify that a copy of the foregoing pleading has been forwarded, via U.S. mail postage prepaid to counsel for plaintiff this the 7th day of February, 2006.

        /s/ Jeffrey D. Germany
        Jeffrey D. Germany